# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VERNIE LEE BURNS, JR.,**

        **Plaintiff,**

**-vs-**                                                           **Case No. 6:07-cv-91-Orl-28KRS**

**DOUBLE T BOBCAT, INC., and**
**ANTHONY TORIBIO,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO DISMISS CASE WITH PREJUDICE AND ENTER CONSENT FINAL JUDGMENT (Doc. No. 28)** |
| **FILED:** | **January 25, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

The parties represent that under the settlement agreement, Plaintiff Vernie Lee Burns will receive all of the past due wages to which he was entitled, as calculated after information was furnished in discovery, and that Burns is satisfied with the settlement. Based on these representations, I conclude that the amount Burns will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

The parties request that the Court adopt the settlement agreement in the form of a consent judgment, thereby agreeing to retain jurisdiction to enforce its terms. The amount of attorneys' fees agreed to by the parties appears to be excessive in light of the early resolution of this case. Accordingly, I recommend that the Court decline to approve the settlement agreement in the form of a consent judgment or otherwise. If the settlement agreement is breached, the parties may address the breach through a new action for breach of contract.

Accordingly, I respectfully recommend as follows:

1. The Court find that the amount received by Burns is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

2. The Court dismiss the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

3. The Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 28, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy